

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
02/04/2013

|  |  |
|---|---|
| IN RE ) |  |
| ) |  |
| KIM D. SUBER, ) | CASE NO. 13-30041-H3-13 |
| ) |  |
| Debtor, ) |  |
| ) |  |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Debtor's Emergency Motion to Extend the Automatic Stay" (Docket No. 15). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Kim D. Suber ("Debtor") filed the voluntary petition in Case No. 12-37604-H3-13 (the "Previous Case") on October 9, 2012. Debtor filed the petition in the Previous Case pro se. Debtor filed an application to pay the filing fee in installments with the petition in the Previous Case.

In the Previous Case, Debtor did not file a mailing matrix or other list of creditors. Debtor also did not submit proof of attendance at a prepetition briefing as required by

Section 109(h)(1) of the Bankruptcy Code.  The Previous Case was dismissed, by order entered on October 25, 2012, for failure of Debtor to file a mailing matrix.  (Docket No. 14, Case No. 12-37604-H3-13).

In the instant case, which was initially filed by Debtor, pro se, on January 4, 2013, Debtor filed a certificate reflecting completion of the prepetition briefing.  Subsequently, Debtor hired an attorney, and filed schedules, a statement of financial affairs, and a statement of current monthly income. Debtor also has filed a Chapter 13 plan.

In the instant motion, Debtor seeks an extension of stay beyond 30 days after the date of filing of the petition in the instant case.

Wells Fargo[1] opposes the instant motion, asserting that it completed a prepetition foreclosure of Debtor's interest in property located at 8703 Indian Maple Dr., Humble, Texas.

At the hearing on the instant motion, Debtor testified that she believes her interest in the property was wrongfully foreclosed.  She testified that she is seeking an attorney to handle a wrongful foreclosure action.  Debtor testified that she is willing to submit a wage order in this case.  Debtor has not done so.

---

[1]Counsel for Wells Fargo announced his appearance on behalf of "Wells Fargo."  Wells Fargo Bank, N.A. has made an appearance in the case.

Debtor's testimony did not address the reason Debtor failed to file a mailing matrix in the previous case.

## Conclusions of Law

Section 362(c)(3)(A) of the Bankruptcy Code provides that the automatic stay shall terminate on the 30th day after the filing of a case if the debtor has had a case pending within the preceding one-year period.

Section 362(c)(3)(B) of the Bankruptcy Code provides that the court may extend the stay, on motion of a party in interest, if the party "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

Section 362(c)(3)(C)(i)(II)(aa) of the Bankruptcy Code provides that a case is presumptively filed not in good faith if the debtor failed to "file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney)."

The opponent of extension of stay has the burden of proof, by a preponderance of the evidence, with respect to the question of whether the presumption applies.  In re Charles, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

In the instant case, no evidence was presented as to the question of whether the presumption applies.  The court

concludes that the presumption does not apply in the instant case.

In the absence of a presumption, the Debtor has the burden to prove that the case was filed in good faith, by a preponderance of the evidence.  <u>In re Charles</u>, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

In the instant case, Debtor's testimony that she believes the home was wrongfully foreclosed narrowly supports a finding that the case was filed in good faith.  There is no controverting or countervailing evidence which makes it less likely that the case was filed in good faith.  The court concludes that Debtor has sustained the burden of proof on the question of good faith.  The court concludes that the instant motion should be granted.

Based on the foregoing, a separate Judgment will be entered granting the "Debtor's Emergency Motion to Extend the Automatic Stay" (Docket No. 15).[2]

Signed at Houston, Texas on February 4, 2013.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[2] The court notes that Wells Fargo has filed a motion for relief from stay.  The court's granting of the instant motion does not affect Wells Fargo's motion.